# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| WILLIAM CHARLES GRAHAM, | ) |
| Plaintiff, | ) |
| | ) Case No. 0:20-CV-00646 |
| vs. | ) |
| SUSAN R. NELSON, et al., | ) |
| Defendants. | ) |

**ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND SUMMARILY DISMISSING CASE WITHOUT PREJUDICE**

Plaintiff, who currently is confined at the Sherburne County Jail in Elk River, Minnesota, has filed *pro se* this civil action, pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff has requested leave to proceed *in forma pauperis* without the prepayment of court fees or costs. Doc. 2. For the reasons set forth below, this case will be summarily dismissed without prejudice.

**I. Standard**

Pursuant to 28 U.S.C. § 1915(a)(1), this Court may grant Plaintiff leave to proceed *in forma pauperis,* depending upon his ability to pay the fees associated with this case. However, pursuant to § 1915(e)(2)(B)(i)-(iii), this Court must dismiss the case if it determines, at any time, that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also Kane v. Lancaster County Dept. of Corrections*, 960 F. Supp. 219, 221-22 (D. Neb. 1997) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and finding that "preanswer screening has long been part of the in forma pauperis process for prisoner and non prisoner cases alike."). An action is legally "frivolous" within the meaning of § 1915 if it "lacks an arguable basis either in law or fact." *Neitzke*, 490 U.S. at 325.

1

**II. Plaintiff's Complaint**

Plaintiff brings suit against the following Defendants in this case: (1) United States District Court Judge Susan R. Nelson; (2) Magistrate Judge Katherine M. Menendez; (3) United States Attorney Erica H. MacDonald; (4) Assistant United States Attorney Amber M. Brennan; (5) Assistant United States Attorney Justin A. Wesley; and (6) Federal Defender Andrew H. Mohring. Doc. 1, pp. 1-3. Plaintiff's complaint alleges as follows.

On July 17, 2019, he was transferred from Hennepin County by the U.S. Marshals without a writ of habeas corpus. *Id.* at 4. Defendant Mohring presented Plaintiff with a "circumvented document titled 'Indictment (true bill)'" that was not signed by the "Foreperson / U.S. Attorney." *Id.* at 4-5. Six days later, Plaintiff's "property was fraudulently entered into a plea of not guilty / contract without one's consent." *Id.* at 5. Plaintiff was then detained unlawfully on July 17, 2019. *Id.* Plaintiff alleges that the Court is "acting outside its powers that was not vested by Congress, allowing attorneys /esquires to act under a title of 'nobility.'" *Id.* Plaintiff alleges that the Court operates "ultra vires under the Foreign Jurisdictional Flag, Admiralty/ Maritime and International law, which is to conduct its business along the navigable waters rather than land." *Id.* Plaintiff requested a "detention /bail evidentiary hearing" but was denied "without opportunity to rebut/ object until days later after such hearings were cancelled." *Id.*

Plaintiff claims that Defendant Magistrate Menendez granted the cancellation and forwarded the case to Defendant Judge Nelson. *Id.* Plaintiff alleges that he is presently being "arbitrarily detained without no proper documentation fair on its face, no subject-matter or personal jurisdiction from the USDC-Minnesota District, and [his] rights have been violated to the core." *Id.* Plaintiff claims that "this is human trafficking, a form of modern day slavery and involuntary servitude." *Id.* Plaintiff further alleges "financial injury and trespass on private property" and claims that Defendants "have interfered with one's family relationship without authority to do so," which is "causing

emotional, mental, and physical distress to one's self and family." *Id*. Plaintiff attaches to his complaint various documents related to his pending criminal case, *United States v. Graham*, No. 19-cr-185 (SRN/KMM), upon which he has handwritten various passages. Doc. 1-1.

Plaintiff alleges that Defendants' actions have violated his rights under the First, Fourth, Fifth, Sixth, Eighth, Ninth, tenth, Eleventh, Thirteenth, and Fourteenth Amendments to the United States Constitution. Doc. 1, p. 4. For relief, Plaintiff requests that this Court dismiss the "true bill (complaint)" filed in his criminal case, "19-cr-00185" "and/or award 'all additional relief to which the plaintiff is entitled.'" *Id*. at 6.

### III. Discussion

Plaintiff's complaint is subject to summary dismissal for the following reasons. This Court notes that Plaintiff's criminal case remains pending, in that a jury trial is currently set for April 20, 2020. *See United States v. Graham*, No. 19-cr-185 (SRN/KMM), Doc. 148. Insofar as Plaintiff seeks dismissal of the true bill filed in his criminal case and, presumably, release from custody, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Prieser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)). Therefore, any request for release from custody is not cognizable in the present proceedings.

Insofar as Plaintiff seeks relief other than that his release, the United States Supreme Court held in *Heck v. Humphrey*:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

3

*Heck*, 512 U.S. at 486 (footnote omitted) (emphasis in original). The Supreme Court has explained further that an action "is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original). The principles of *Heck* apply with equal force to a claim that, if successful, would necessarily imply the invalidity of a conviction on a pending criminal charge. *Dique v. N.J. State Police*, 603 F.3d 181, 186 (3d Cir. 2010) (quoting *Smith v. Holtz*, 87 F.3d 108, 113 (3d Cir. 1996)); *see also Prien v. Trask*, 128 F. App'x 616, 618 (9th Cir. 2005); *Ruff v. Runyon*, 258 F.3d 498, 503 (6th Cir. 2001); *Nelson v. Suire*, 2009 WL 1161609 (E.D. Mo. Apr. 29, 2009) (*Heck* applies to pretrial detainees). Furthermore, *Heck* applies with equal force to *Bivens* actions. *See e.g.*, *Baranski v. Fifteen Unknown Agents of Bureau of Alcohol, Tobacco and Firearms*, 452 F.3d 433, 460 (6th Cir. 2006) ("*Heck's* litigation bar applies with equal force to *Bivens* actions."), cert. denied, 549 U.S. 1321 (2007); *Washington v. Sorrows*, 107 F.3d 876 (8th Cir. 1997) (unpublished per curiam) (same); *Williams v. Hill*, 74 F.3d 1339, 1340 (D.C. Cir. 1996) (same).

Here, judgment in Plaintiff's favor necessarily would imply the invalidity of his pending federal criminal proceedings. Therefore, Plaintiff's claims must be dismissed until such time as Plaintiff is able to demonstrate that his criminal proceedings have been invalidated pursuant to *Heck*.

**IV. Conclusion and Notice Concerning and Appeal**

Because Plaintiff's allegations are legally frivolous and fail to state a claim upon which relief may be granted, this case will be summarily dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Plaintiff is advised that if he appeals this dismissal, federal law now "'makes prisoners responsible for [appellate filing fees of $505.00] the moment the prisoner . . . files an

4

appeal.'" *Henderson v. Norris*, 129 F3d 481, 483 (8th Cir. 1997) (citation omitted). Pursuant to *Henderson*, Plaintiff is notified as follows:

> (a) the filing of a notice of appeal by the prisoner makes the prisoner liable for payment of the full . . . appellate filing fees regardless of the outcome of the appeal; (b) by filing a notice of appeal the prisoner consents to the deduction of the initial partial filing fee and the remaining installments from the prisoner's prison account by prison officials; (c) the prisoner must submit to the clerk of the district court a certified copy of the prisoner's prison account for the last six months within 30 days of filing the notice of appeal; and (d) failure to file the prison account information will result in the assessment of an initial appellate partial fee of $35 or such other amount that is reasonable, based on whatever information the court has about the prisoner's finances.

*Id*. at 484.

Accordingly, it is **ORDERED** that:

(1) Plaintiff request for leave to proceed *in forma pauperis* (Doc. 2) is granted; and

(2) this case is summarily dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE
Sitting by designation

Dated: March 11, 2020